Harold E. Boldt, City Manager City of Texarkana 216 Walnut Street Post Office Box 2711 Texarkana, Arkansas 75504-2711
Dear Mr. Boldt:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq. (Repl. 2002 and Supp. 2007), of a proposed agreement between the City of Texarkana, Arkansas and the City of Texarkana, Texas, captioned "Interlocal Cooperation Agreement for Mutual Assistance in Law Enforcement" (the "Agreement"). You have submitted a copy of the proposed agreement, under the terms of which the parties agree to cooperate "in exercising the powers and duties of law enforcement, in the investigation of criminal activity and in enforcement of the criminal laws of the states of Texas and Arkansas." I am required by law to review the agreement for the purpose of determining whether it is in proper form, in accordance with the Interlocal Cooperation Act, and is otherwise compatible with the laws of Arkansas. A.C.A. § 25-20-104(f)(1) (Repl. 2002).
This act authorizes agreements for joint or cooperative action between or among "public agencies" — a term statutorily defined as including any "[p]ublic subdivision of this state" and any "[p]olitical subdivision of another state." A.C.A. § 25-20-103(1)(B) and-103(1)(D) (Supp. 2007). With respect to the range of permissible agreements under this act, A.C.A. § 25-20-104(a) (Repl. 2002) provides: *Page 2 
 Any governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state alone may be exercised and enjoyed jointly with any other public agency of this state which has the same powers, privileges, or authority under the law and jointly with any public agency of any other state of the United States which has the same powers, privileges, or authority, but only to the extent that laws of the other state or of the United States permit the joint exercise or enjoyment.
(Emphasis added.)
In addressing the general question whether the cities of Texarkana, Arkansas and Texarkana, Texas could enter into an agreement for mutual assistance in law enforcement such as you have proposed, my immediate predecessor observed the following after quoting the above subsection:
 Assuming, then, that the state of Texas would permit an interlocal agreement of the sort you propose, and given that the police departments of Texarkana, Arkansas and Texarkana, Texas both have law enforcement authority within their respective jurisdictions, there would not appear to be any bar precluding the two cities from entering into an interlocal agreement for `mutual assistance in law enforcement.'
Ark. Op. Att'y Gen. 2004-266 at 3.
I agree with this general observation. I also note with regard to this 2004 opinion, however, that my predecessor qualified the sanctioning of such an agreement by observing that Arkansas law did not specifically authorize Texas law enforcement officers to make arrests in Arkansas.Id. Arkansas law has since been amended to provide for such authority under certain conditions. Act 272 of 2005, codified at A.C.A. §16-81-115, allows the governing body of an Arkansas municipality to authorize certified law enforcement officers from adjoining states to enforce Arkansas law and the ordinances of the municipality that is within one mile of an Arkansas border if the officer is:
 (1) Regularly assigned to duty in a municipality that is within one (1) mile of an Arkansas border; *Page 3 
(2) On duty in his or her regularly assigned municipality at the time he or she enters the city limits of the Arkansas municipality; and
 (3) Within the city limits of the Arkansas municipality that adjoins the municipality to which the officer is regularly assigned.
A.C.A. § 16-81-115(a) and (b)(2) (Repl. 2005).
If an Arkansas municipality so authorizes an officer, the officer has "the same powers, duties, and immunities as a certified law enforcement officer of Arkansas who is acting in the discharge of an official duty."Id. at (b)(1).
My predecessor opined in 2006 that this statute authorizes Texas certified law enforcement officers to make arrests in Arkansas under the conditions listed therein. Ark. Op. Att'y Gen. 2006-175. I agree in all respects with my predecessor's analysis.
Accordingly, I believe the Interlocal Cooperation Act provides general authority for the agreement you have submitted, so long as Texas law similarly authorizes an agreement of this sort.[1] The question therefore turns to whether the agreement you have submitted otherwise satisfies the Interlocal Cooperation Act. In this regard, the act requires that interlocal agreements for joint or cooperative action specify the following items:
 (1) The duration of the agreement;
 (2) The organization, composition, and nature of any separate legal or administrative entity created by the agreement, and the powers delegated to that entity;
 (3) The purposes of the agreement;
 (4) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it; *Page 4 
(5) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
 (6) Any other necessary and proper matters.
A.C.A. § 25-20-104(c) (Repl. 2002) .
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
Id. at (d).
Having reviewed the Agreement, I note that it does not establish a separate legal or administrative entity, nor does it provide for an administrator or a joint board responsible for administering the joint or cooperative undertaking. The Agreement refers to each city's "Chief Law Enforcement Officer" and "Chief Administrative Officer," but there is no indication that these individuals are intended to comprise a "joint board" as that term is used in the Interlocal Cooperation Act. And the Agreement contains no provision for an "administrator."
Therefore, pursuant to the provisions of A.C.A. § 25-20-104(f)(2), I must withhold approval of the proposed agreement in its current form.
Although I consequently cannot certify the Agreement as submitted, should you correct this deficiency and resubmit your request, I would be inclined to certify the Agreement as formally in compliance with the Interlocal Cooperation Act. *Page 5 
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] My power and duty of review under the Interlocal Cooperation Act extends only to the determination whether the agreement comports with Arkansas law. See again A.C.A. § 25-20-104(f)(1). *Page 1